McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment brought by the defendant in error -against the plaintiff in error, in the Circuit Court of Weakley. Yerdict and judgment for the plaintiff, and an appeal in error to this Court.
The questions presented for our determination arise upon the following state of facts4
John R. Bledsoe, the brother of the plaintiff in error, was formerly the owner of the tract of land in controversy, in this action. He resided upon, and cultivated the same, and the plaintiff in error lived, with him. While thus occupying the land, namely, on the 5th of July, 1852, he made a conveyance thereof -to the plaintiff in error, for the consideration -of two hundred dollars, in' hand paid, according to the recital of the deed. This deed was proved in proper form by the subscribing witnesses on the 10th of February, 1853, and registered on the same day. Afterwards, namely, on the 8th oí September, 1852, said John R. Bledsoe sold and conveyed said tract of land to Rogers, the defendant in error, for the consideration of three hundred dollars, as stated in the conveyance. This deed was regularly .proved by the subscribing wit *468 nesses on the day of its execution, and was registered on the following day. Bledsoe continued to reside upon said land and to cultivate the same until after his conveyance to Rogers.
Bledsoe, the vendor, after being released by Rogers,, was examined on the trial, as a witness on his behalf. On cross-examination, the defendant’s counsel proposed to prove by said witness, that at the time of the sale and conveyance by Mm to Rogers, of the tract of land in dispute,' the latter had knowledge of the previous sale and conveyance of said land to the defendant. But the Court refused to admit' this evidence. And the first question is — did the Court err in thus ruling? We think not. ' By the terms of the registration act, (1831, ch. 90, § 6,) all instruments required by law, to be registered, are to take effect only from the time of. registration. And it is expressly declared in the same section, that a subsequent deed, if first registered, shall prevail over a prior unregistered deed — “ unless it is proven in a Court of Equity,. according to the rules of said Court, that such subsequent purchaser had full notice of the previous conveyance.” Under this statute a Court of law can only look to the fact of priority of registration; upon that fact, the legal efficacy of the instrument depends, and it would therefore, be irrelevant to inquire whether the subsequent purchaser had knowledge of a prior conveyance, inasmuch as such knowledge, if shown to exist, could not effect the legal operation of the instrument as declared by the statute. It is within the province of a Court of Equity alone, to deprive, the subsequent purchaser, in such case, of the fraudulent *469 and umconscientious advantage of which he seeks to avail himself, in violation of the rights of the first purchaser.
2. It was insisted on the trial, that the conveyance to Rogers was affected with champerty. The Court held otherwise, and correctly. Bledsoe remained in possession of the land, in point of fact, after the conveyance to his sister, and this possession was continued until after the conveyance to Rogers. In what manner Bledsoe held possession in the interval between the conveyance to Ms sister and the subsequent 'conveyance to Rogers, is not shown by the proof; nor is it material to inquire. For some purposes the possession would be presumed by law, to be in the sister — as between her and John R. Bledsoe — ¡because the title was in her. But so far as respects the ■operation of the champerty act, it is sufficient that, in ■point of fact, Bledsoe was in actual possession of the Sand at the time of the conveyance to Rogers, and that so far as appears from the record, there was no actual adverse possession of any part thereof by the .defendant, or any other person. The statute looks to the fact of possession, not to the validity of the vendor’s title, or his right to convey.
There is no error in the reeord and the judgment will be affirmed.